3097.000

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS,
# EASTERN DIVISION

**DANA J. HOLMES**

      Plaintiff,

v.

No.:

**LASALLE COUNTY; THOMAS TEMPLETON, the LaSalle County Sheriff; TYSON SZAFRANSKI, a LaSalle County Sheriff's Officer; SAMANTHA KROMM**, a LaSalle County Sheriff's **Officer; DEPUTY PUCKETT, a LaSalle County Sheriff's Officer; DEPUTY HOLLENBECK**, a LaSalle County Sheriff's Officer.

      Defendants.

## COMPLAINT

Plaintiff, Dana J. Holmes, by and through her attorneys, Ekl, Williams & Provenzale, LLC, complain of the Defendants, LaSalle County, Thomas Templeton, Tyson Szafranski, Samantha Kromm, Deputy Puckett, and Deputy Hollenbeck as follows:

### INTRODUCTION

This action is brought seeking redress for violations of the Plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States of America and for violations of Illinois common law. Specifically, Plaintiff is seeking damages which resulted while she was being booked at the LaSalle County Jail for a misdemeanor traffic offense and four LaSalle County Sheriff's Officers, including three male officers, viciously and unlawfully assaulted her by forcibly slamming her to the ground, restraining her, and removing her clothes and undergarments. The

1

LaSalle County Sheriff's Officers also intentionally and gratuitously humiliated, degraded, and dehumanized the Plaintiff by refusing to allow her to wear clothing during the remainder of her detention at the Jail, including forcing her to remain in a video monitored jail cell exposing her unclothed body. Plaintiff was further intentionally and unreasonably exploited by the LaSalle County Sheriff's Officers when they refused to allow her to wear clothing as she was being booked, instead forcing her to attempt to cover her body with nothing more than a blanket.

### JURISDICTION AND VENUE

1. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and § 1343(a)(3), as the federal claims are brought under 42 U.S.C. § 1983. Venue is proper pursuant to 28 U.S.C. § 1391(b), as all or some of the parties reside in the Northern District of Illinois and the events giving rise to the claims occurred in this district. The Court has supplemental jurisdiction over the Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a), as the claims arise out of the same nucleus of operative facts.

### THE PARTIES

2. The Plaintiff, Dana J. Holmes, is a female citizen who at all times relevant resided in Coal City, Grundy County, Illinois and who at all times enjoyed the rights enumerated under the Constitution of the United States.

3. Defendant LaSalle County is a body politic organized under the laws of the State of Illinois.

4. Defendant Thomas Templeton is the elected LaSalle County Sheriff and is being sued in his official capacity and as such is responsible for the policies and practices, both express and *de facto*, of the LaSalle County Sheriff's Office.

5. Defendants Tyson Szafranski, Samantha Kromm, Deputy Puckett, and Deputy Hollenbeck (hereinafter collectively "Officers") at all relevant times were employed as officers by LaSalle County and/or the LaSalle County Sheriff's Office, acting under color of law, and within the scope of said employment. Defendants Szafranski, Puckett and Hollenbeck are all males. Defendant Kromm is a female. These Officers are being sued in their individual capacity.

### FACTS COMMON TO ALL COUNTS OF THE COMPLAINT

6. On the evening of May 18, 2013, Plaintiff was arrested by the Marseilles Police Department for the misdemeanor offense of driving under the influence of alcohol. Incident to and following her arrest, Plaintiff was throughly searched by a Marseilles police officer.

7. Plaintiff was given a bond at the Marseilles Police Department in the amount of $3000 with the Plaintiff being required to post 10% of that amount to secure her release.

8. Plaintiff had the ability to post the $300 bond at the Marseilles Police Department.

9. Despite Plaintiff's ability to post the bond, a Marseilles Police officer transported Plaintiff to the LaSalle County Jail (hereinafter "Jail") in the early morning hours of May 19, 2013.

10. After arriving at the Jail, Defendant Kromm performed a pat down of Plaintiff's body. Defendants Szafranski, Puckett and Hollenbeck were also present for the pat down of Plaintiff.

11. During the pat down, Plaintiff cooperated with the Officers, complied with commands by the Officers, and did not act aggressively.

12. Despite Plaintiff's conduct, during the pat down, Defendants Szafranski and Hollenbeck forcibly threw Plaintiff to the ground causing injury to Plaintiff's face and body. Defendants Szafranski, Hollenbeck, Kromm, and Puckett then unreasonably and deliberately attacked and restrained Plaintiff while she was on the ground, causing further injury to her body.

13. The Officers then carried Plaintiff by her arms and legs into a cell at the Jail. The Officers then forcibly and maliciously stripped all of Plaintiff's clothes and undergarments from her body.

14. After stripping Plaintiff of her clothes, the Officers left the cell with Plaintiff's clothing, leaving Plaintiff lying on the floor completely naked.

15. The cell where Plaintiff was stripped was equipped with video surveillance equipment that recorded the incident. Upon information and belief, additional male officers viewed, or had the capacity to view, the video recording of the stripping and Plaintiff's unclothed body.

16. At the time that Plaintiff was forcibly thrown to the ground, restrained, and stripped of her clothing, Plaintiff was not resisting the Officers and was complying with all commands given to her by the Officers.

17. Throughout her detention at the Jail, Plaintiff was not acting aggressively or engaging in any conduct that would cause an officer to be in reasonable apprehension of receiving bodily harm, or acting otherwise in any manner that justified the use of force against her.

18. After stripping Plaintiff of her clothes, the Officers did not return to the cell to provide Plaintiff with any clothing.

19. Officers subsequently removed Plaintiff from the cell and, despite the fact that she remained unclothed, took her to the booking area to process her. While in the booking area, Plaintiff attempted to cover her body with a blanket while being processed and fingerprinted. This was done for the purpose of intentionally humiliating and degrading Plaintiff.

20. There was no legitimate or necessary law enforcement or safety objective to stripping Plaintiff of her clothing and forcing her to remain unclothed during her detention at the Jail. The

only objective of the Officers was to harass, humiliate, and inflict psychological pain on Plaintiff.

21. The Officers' conduct in stripping Plaintiff of her clothing and forcing her to remain unclothed during her detention at the Jail was intentionally demeaning, dehumanizing, undignified, humiliating, terrifying, embarrassing, and degrading.

22. Illinois law specifically prohibits any peace officer from stripping a person arrested for a misdemeanor offense unless there is a reasonable belief that the individual is concealing a weapon or controlled substance. 725 ILCS 5/103-1(c).

23. The Officers had no reasonable belief that Plaintiff, who was arrested and previously searched at the Marseilles police department for the misdemeanor offense of driving under the influence of alcohol, was concealing a weapon or controlled substance.

## COUNT I
## 42 U.S.C. §1983
### FOURTH AMENDMENT VIOLATION (CONSPIRACY)

24. Plaintiff realleges and incorporates paragraphs 1 through 23 above as paragraph 24 of this Count I.

25. At all relevant times, Plaintiff possessed a right under the Fourth Amendment to the Constitution of the United States to be free from unreasonable searches and seizures.

26. At all relevant times, the Officers accomplished an unlawful result through individual and/or concerted action, in that they agreed, through explicit or implicit means, to violate Plaintiff's right to be free from unreasonable searches and seizures as provided in the Fourth Amendment to the United States Constitution.

27. In furtherance of said agreement, the Officers unlawfully, unreasonably, and deliberately threw Plaintiff to the ground, violently attacked and restrained her, forcibly stripped her

Case: 1:13-cv-06997 Document #: 1 Filed: 09/30/13 Page 6 of 14 PageID #:6

of her clothing, and/or forced her to remain unclothed during her detention at the Jail.

28. The Officers' individual and/or concerted action, as described above, violated Plaintiff's right to be free from unreasonable searches and seizures as provided in the Fourth Amendment to the United States Constitution and has caused Plaintiff to suffer, and will in the future suffer, severe damages, including, physical injury, pain, mental anguish, and emotional distress.

29. At all time relevant hereto, the Officers were acting under color of law, and their individual and/or concerted conduct as described hereinabove was unreasonable and without any lawful justification.

WHEREFORE, Plaintiff, Dana J. Holmes, demands judgment against the Defendants, Tyson Szafranski, Samantha Kromm, Deputy Puckett, and Deputy Hollenbeck, jointly and severally, for compensatory and punitive damages in a sum in excess of $100,000.00 and for attorneys' fees and costs pursuant to 42 U.S.C. §1988.

### COUNT II
### 42 U.S.C. §1983
**FOURTEENTH AMENDMENT VIOLATION–DUE PROCESS CLAUSE (CONSPIRACY)**

30. Plaintiff realleges and incorporates paragraphs 1 through 23 above as paragraph 30 of this Count II.

31. At all relevant times, Plaintiff possessed a right under the Fourteenth Amendment to the Constitution of the United States to due process of law.

32. At all relevant times, the Officers accomplished an unlawful result through individual and/or concerted action, in that they agreed, through explicit or implicit means, to violate Plaintiff's right to due process by deliberately physically injuring Plaintiff and inflicting psychological pain on Plaintiff.

33. In furtherance of said agreement, the Officers unlawfully and deliberately threw Plaintiff to the ground, violently attacked and restrained her, forcibly stripped her of her clothing, and forced her to remain unclothed during her detention at the Jail in the presence and/or view of male officers.

34. The Officers' individual and/or concerted conduct, as described above, violated Plaintiff's right to due process as provided in the Fourteenth Amendment to the United States Constitution and has caused Plaintiff to suffer, and will in the future continue to suffer, severe damages, including physical injury, pain, mental anguish and emotional distress.

35. At all time relevant hereto, the Officers were acting under color of law, and their individual and/or concerted conduct as described hereinabove was intentional and done with a conscious, callous and deliberate indifference to Plaintiff's constitutional right to due process and in a manner that shocks the conscience.

WHEREFORE, Plaintiff, Dana J. Holmes, demands judgment against the Defendants, Tyson Szafranski, Samantha Kromm, Deputy Puckett, and Deputy Hollenbeck, jointly and severally, for compensatory and punitive damages in a sum in excess of $100,000.00 and for attorneys' fees and costs pursuant to 42 U.S.C. §1988.

### COUNT III
### 42 U.S.C. §1983
#### FOURTH AMENDMENT–FAILURE TO INTERVENE

36. Plaintiff realleges and incorporates paragraphs 1 through 35 above as paragraph 36 of this Count III.

37. At all relevant times, Plaintiff possessed a right under the Fourth Amendment to the Constitution of the United States to be free from unreasonable searches and seizures

38. During the events described above, each of the Officers, Szafranski, Kromm, Puckett, and Hollenbeck, stood by and failed to intervene to prevent the unconstitutional physical violence and search which Plaintiff was being subjected to at the hands of one or more of the other Officers.

39. As a proximate result of the failure of the Officers, Szafranski, Kromm, Puckett, and Hollenbeck, to intervene on behalf of Plaintiff to prevent the unconstitutional conduct against her, despite the clear need and reasonable opportunity to do so, the Plaintiff has suffered and continues to suffer injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, Dana J. Holmes, demands judgment against the Defendants, Tyson Szafranski, Samantha Kromm, Deputy Puckett, and Deputy Hollenbeck, jointly and severally, for compensatory and punitive damages in a sum in excess of $100,000.00 and for attorneys' fees and costs pursuant to 42 U.S.C. §1988.

## COUNT IV
### 42 U.S.C. §1983
#### FOURTEENTH AMENDMENT–FAILURE TO INTERVENE

40. Plaintiff realleges and incorporates paragraphs 1 through 35 above as paragraph 40 of this Count IV.

41. At all relevant times, Plaintiff possessed a right under the Fourteenth Amendment to the Constitution of the United States to due process of law.

42. During the events described above, each of the Officers, Szafranski, Kromm, Puckett, and Hollenbeck, stood by and failed to intervene to prevent the due process violations which Plaintiff was being subjected to at the hands of one or more of the other Defendant Officers.

43. As a proximate result of the failure of Officers, Szafranski, Kromm, Puckett, and Hollenbeck, to intervene on behalf of Plaintiff to prevent the unconstitutional conduct against her,

8

Case: 1:13-cv-06997 Document #: 1 Filed: 09/30/13 Page 9 of 14 PageID #:9

despite the clear need and reasonable opportunity to do so, the Plaintiff has suffered and continues to suffer injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, Dana J. Holmes, demands judgment against the Defendants, Tyson Szafranski, Samantha Kromm, Deputy Puckett, and Deputy Hollenbeck, jointly and severally, for compensatory and punitive damages in a sum in excess of $100,000.00 and for attorneys' fees and costs pursuant to 42 U.S.C. §1988.

## COUNT V
## 42 U.S.C. §1983
### *Monell Claim*–LaSalle County and LaSalle County Sheriff

44. Plaintiff realleges and incorporates paragraphs 1 through 43 above as paragraph 44 of this Count V.

45. Upon information and belief, the actions of the Officers, as alleged above, were done pursuant to one or more independent or interrelated *de facto* policies, practices, and/or customs of LaSalle County and/or the LaSalle County Sheriff's Office.

46. Upon information and belief, at all times material to this Complaint, the LaSalle County Sheriff's Office and/or LaSalle County had independent or interrelated *de facto* policies, practices, and customs which included, *inter alia*, failing to train, supervise, discipline, transfer, monitor, counsel and/or otherwise control officers.

47. Pursuant to section 103-4 of the Illinois Code of Criminal Procedure, no person arrested for a misdemeanor offense, except in cases involving weapons or a controlled substance, shall be stripped unless there is a reasonable belief that the individual is concealing a weapon or controlled substance. 725 ILCS 5/103-4. Even in felony arrests or when there is reasonable belief that an individual is concealing a weapon or controlled substance, Illinois law imposes the following

9

requirements on officers prior to stripping a detainee, including, *inter alia:*

(a) The stripping shall be performed by persons of the same sex as the arrested person and on premises where the stripping cannot be observed by persons not physically conducting the search. 725 ILCS 5/103-1(e)

(b) Written permission of the police commander or an agent thereof designated for the purpose of authorizing a strip search shall be obtained. 725 ILCS 5/103-1(f)(1)

48. Upon information and belief, LaSalle County and/or LaSalle County Sheriff's Office's failed to train, supervise, discipline, transfer, monitor, counsel and/or otherwise control officers regarding, *inter alia*, (a) Illinois law regarding the restrictions on stripping detainees and the permissible method of conducting strip searches, and (b) the unconstitutionality of the use of excessive force and stripping the clothing from an individual or leaving an individual unclothed during his or her detention at the Jail.

49. These *defacto* policies, practices and customs, as set forth above, both individually and together, were maintained and implemented unreasonably, with deliberate indifference to an obvious need, and in a manner that shocks the conscience, and were, separately and together, a direct and proximate cause of the unconstitutional acts committed by the Officers and the injuries suffered by Plaintiff.

WHEREFORE, Plaintiff, Dana J. Holmes, seeks a preliminary and permanent injunction to enjoin Thomas Templeton and LaSalle County from permitting officers to strip detainees in violation of Illinois law and the United States Constitution and to mandate Thomas Templeton and LaSalle County to train its officers regarding the restrictions on the use of force and the use of and method of conducting strip searches under Illinois law and the United States Constitution. Plaintiff also

demands judgment against Thomas Templeton and LaSalle County for compensatory damages in a sum in excess of $100,000.00 and for attorneys' fees and costs pursuant to 42 U.S.C. §1988

## COUNT VI
### STATE LAW CLAIM–INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (CONSPIRACY)

50. Plaintiff realleges and incorporates paragraphs 1 through 23 above as paragraph 50 of this Count VI.

51. At all relevant times, the Officers accomplished an unlawful result through individual and/or concerted action, in that they agreed, through explicit or implicit means, to cause Plaintiff extreme emotional distress.

52. In furtherance of said agreement, the Officers unlawfully and deliberately threw Plaintiff to the ground, violently attacked and restrained her, forcibly stripped her of her clothing, and forced her to remain unclothed during her detention at the Jail.

53. The Officers' individual and/or concerted action, as described above, was extreme and outrageous and committed with the intent to cause, or with awareness of the high probability that it would cause, the Plaintiff extreme emotional distress.

54. At all relevant times, the Officers were acting within the scope of their employment with the LaSalle County Sheriff's Department and/or LaSalle County.

55. As a proximate result of the above described conduct of the Officers, the Plaintiff has suffered, and will in the future continue to suffer, severe damages, including extreme emotional distress and pecuniary injuries.

WHEREFORE, Plaintiff, Dana J. Holmes, demands judgment against the Defendants, LaSalle County, Thomas Templeton, Tyson Szafranski, Samantha Kromm, Deputy Puckett, and

Deputy Hollenbeck, jointly and severally, for compensatory and punitive damages in a sum in excess of $100,000.00, plus the costs of this suit.

## COUNT VII
### STATE LAW CLAIM–BATTERY (CONSPIRACY)

56. Plaintiff realleges and incorporates paragraphs 1 through 23 above as paragraph 56 of this Count VII.

57. The Officers through individual and/or concerted action, accomplished an unlawful result in that they agreed, through explicit or implicit means, to make physical contact with the Plaintiff, without lawful justification, thereby proximately causing Plaintiff bodily harm.

58. In furtherance of said agreement, the Officers unlawfully and deliberately threw Plaintiff to the ground, violently attacked and restrained her, and forcibly stripped her of her clothing.

59. At all relevant times, the Officers were acting within the scope of their employment with the LaSalle County Sheriff's Department and/or LaSalle County.

60. As a proximate result of the above described conduct of the Officers, the Plaintiff has suffered, and will in the future continue to suffer, injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, Dana J. Holmes, demands judgment against the Defendants, LaSalle County, Thomas Templeton, Tyson Szafranski, Samantha Kromm, Deputy Puckett, and Deputy Hollenbeck, jointly and severally, for compensatory and punitive damages in a sum in excess of $100,000.00, plus the costs of this suit.

## COUNT VIII
### STATE LAW–INDEMNIFICATION

61. Plaintiff realleges and incorporates paragraphs 1 through 60 above as paragraph 61 of this Count VIII.

62. Pursuant to Section 9-102 of the Local Government and Governmental Employees Tort Immunity Act ("the Act"), a local public entity is directed to pay any tort judgment or settlement for compensatory damages for which it or an employee acting within the scope of his employment is liable. 745 ILCS 10/9-102.

63. Thomas Templeton, in his official capacity as the Sheriff of LaSalle County, and LaSalle County are local public entities as defined in the Act. 745 ILCS 10/1-206.

64. Defendants Szafranski, Kromm, Puckett, and Hollenbeck at all relevant times were "employees" of the LaSalle County Sheriff and/or LaSalle County as defined by the Act. 745 ILCS 10/1-202.

65. At all relevant times, Defendants Szafranski, Kromm, Puckett, and Hollenbeck acted within the scope of their employment with LaSalle County and/or the LaSalle County Sheriff's Office.

66. Pursuant to the Act, LaSalle County is also required to pay any judgment or settlement entered against Thomas Templeton, in his official capacity as the LaSalle County Sheriff.

WHEREFORE, Plaintiff Dana J. Holmes demands judgment against Defendants Thomas Templeton and LaSalle County, as indemnors, in the amount awarded to Plaintiff against any and all individual Defendants, as damages, attorney's fees, costs and interest, and/or for any settlement entered into between Plaintiff and the Defendants.

**PLAINTIFF DEMANDS A JURY OF TWELVE**

                        Respectfully submitted by

                        s/ Terry A. Ekl
                        Ekl, Williams & Provenzale, LLC
                        Attorneys for Plaintiff

Terry A. Ekl
Patrick L. Provenzale
Tracy L. Stanker
Ekl, Williams & Provenzale, LLC
901 Warrenville Road, Suite 175
Lisle, IL 60532
(630) 654-0045
(630) 654-0150 Facsimile
tekl@eklwilliams.com
pprovenzale@eklwilliams.com
tstanker@eklwilliams.com
*Attorneys for Plaintiff*